## John S. Stevens, Defendant in Error, v. Ernest Decker, Plaintiff in Error.

### Gen. No. 20,240.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed April 28, 1915.

### Statement of the Case.

Action by John H. Stevens in the Municipal Court of Chicago against Ernest Decker to recover upon ten promissory notes for $60 each, bearing date December 14, 1909, maturing respectively September 1, 1911, inclusive, aggregating $2,200, being the amount of a loan which defendant secured from Emil H. Seeman, and were secured by a deed of trust on certain real estate owned by the defendant. The notes were payable to the order of the maker and bear the indorsement of himself and one James Graham. At the close of all the evidence the court gave the jury a peremptory instruction to find the issues for the plaintiff and to assess the damages against the defendant at $761.55, and upon such verdict judgment was entered against the defendant. To reverse the judgment entered upon the verdict, the plaintiff prosecutes error.

STEDMAN & SOELKE, for plaintiff in error.

ADAMS, CREWS, BOBB & WESCOTT, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Robison v. U. S. Health & Acc. Ins. Co., 192 Ill. App. 475.

## Abstract of the Decision.

1. BILLS AND NOTES, § 460*—*when question of transfer in due course for jury.* Evidence tending to show that plaintiff in an action on a note, who was a clerk in the office of his attorneys who were also attorneys for the payee therein, had received same direct from such payee after maturity with knowledge of its infirmity, and held same merely as a depository for the purpose of enforcing payment, *held* sufficient to present a question for the jury as to whether plaintiff was a holder in due course under section 52 of the Negotiable Instruments Act (J. & A. ¶ 7691).

2. BILLS AND NOTES, § 125*—*when negotiable by delivery.* A note payable to the maker indorsed by him in blank is under section 34 of the Negotiable Instruments Law (J. & A. ¶ 7673) negotiable by delivery.

3. EVIDENCE, § 202*—*when declarations by holder of note admissible.* In an action by the transferee of a negotiable note, admissions by the payee therein are admissible only in so far as they were made by him while he was the holder of the note and before its transfer to the plaintiff.